**Affirmed and Memorandum Opinion filed April 6, 2023.**



In The

# Fourteenth Court of Appeals

## NO. 14-22-00747-CV

## IN THE INTEREST OF M.R. AND N.R., CHILDREN

**On Appeal from the 306th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 20CP0074**

## M E M O R A N D U M   O P I N I O N

Appellant S.R. appeals a final decree signed October 7, 2022, terminating his parental rights to the children who are the subject of this suit.

Appellant's appointed counsel filed a brief in which she concludes the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See High v. State*, 573 S.W.2d 807, 811-13 (Tex. Crim. App. [Panel Op.] 1978). The *Anders* procedures apply to an appeal from the termination of parental rights when

an appealed attorney concludes there are no non-frivolous issues to assert on appeal. *In re D.E.S.*, 135 S.W.3d 326, 329 (Tex. App.—Houston [14th Dist.] 2004, no pet.).

On December 20, 2022, Appellant was notified of the right to file a *pro se* response to the *Anders* brief. *See Stafford v. State*, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991) (en banc); *In re D.E.S.*, 135 S.W.3d at 329-30. More than thirty days have elapsed and, as of this date, no *pro se* response has been filed.

We have carefully reviewed the record and counsel's brief and agree the appeal is wholly frivolous and without merit. Further, we find no reversible error in the record. A discussion of the brief would add nothing to the jurisprudence of the state.[1]

---

[1] The trial court found that Appellant (1) "knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child, pursuant to § 161.001(b)(1)(D), Texas Family Code"; (2) "engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child, pursuant to § 161.001(b)(1)(E), Texas Family Code"; (3) "constructively abandoned the children . . . pursuant to § 161.001(b)(1)(N), Texas Family Code"; (4) "failed to comply with the provisions of a court order that specifically established the actions necessary for the father to obtain the return of the child . . . pursuant to § 161.001(b)(1)(O), Texas Family Code"; and (5) "used a controlled substance . . . in a manner that endangered the health or safety of the child . . . pursuant to § 161.001(b)(1)(P), Texas Family Code." The Texas Supreme Court has not decided whether a court of appeals is required to address findings in an *Anders* disposition of a termination of parental rights on predicate grounds D or E. *See In re E.K.*, 608 S.W.3d 815, 815-16 (Tex. 2020) (Green, J., concurring in denial of petition for review) (citing *In re N.G.*, 577 S.W.3d 230 (Tex. 2019)). Our court has not done so. *See, e.g.*, *In re J.P.*, No. 14-21-00272-CV, 2021 WL 4164782, at *1 (Tex. App.—Houston [14th Dist.] Sept. 14, 2021, pet. denied) (mem. op.); *In re K.J.R.*, No. 14-20-00479-CV, 2021 WL 244985, at *1 (Tex. App.—Houston [14th Dist.] Jan. 26, 2021, no pet.) (mem. op.); *In re A.J.A.R.*, No. 14-20-00084-CV, 2020 WL 4260343, at *9-10 (Tex. App.—Houston [14th Dist.] July 24, 2020, pet. denied).

Accordingly, the judgment of the trial court is affirmed.


PER CURIAM

Panel Consists of Justices Bourliot, Hassan, and Poissant.